**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD C. HAMILTON,

        Plaintiff,

                                      Case No. 09-13366

v.

                                      HON. MARIANNE O. BATTANI

JOSHUA A. NOCHIMSON,

        Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS**

**I.     INTRODUCTION**

Before the Court is Defendant Joshua Nochimson's Motion to Dismiss for Failure

to State a Claim Upon Which Relief May be Granted or, in the Alternative, to Stay

Proceedings Pending Resolution of Possible Criminal Proceedings.  (Doc. 9).  In his

complaint, Plaintiff Richard Hamilton alleges that Nochimson abused his position as

Hamilton's business manager by breaching his fiduciary duty (Count 1), and committing

acts of conversion (Count 2).  (Doc. 1).  For the reasons discussed below, the Court

grants Nochimson's Motion to Dismiss and grants Hamilton leave to amend his

complaint.


**II.     STATEMENT OF FACTS**

As this is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

Court is required to accept all of the factual allegations in the complaint as true. See

Allard v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993).  Accordingly, the following facts are drawn from Hamilton's complaint.

From 1996 through 1999, Hamilton was a member of the University of Connecticut men's basketball team.  During that time, he became friends with Nochimson, the team's student manager.  In 1999, Hamilton left college and entered the NBA draft.  Hamilton and Nochimson entered into an agreement whereby Nochimson would serve as Hamilton's personal assistant in exchange for a place to live, living expenses, and experience working for a professional basketball player, which Nochimson hoped to parlay into a career in professional sports management.  Subsequently, Nochimson became Hamilton's business manager with a salary of $25,000/year.  This amount was later increased – first to $45,000/year and later to $50,000/year.  None of the parties' agreements were reduced to writing.

As Hamilton's business manager, Nochimson was given access to Hamilton's financial accounts so that he could pay Hamilton's bills and living expenses.  Hamilton alleges, however, that Nochimson acted without his authorization when he: (1) used 1,400,000 of Hamilton's American Express frequent flier miles; (2) used Hamilton's American Express card to purchase, among other things, airline flights and game tickets, worth approximately $85,000; (3) made wire transfers of at least $3,300 from Hamilton's bank account to his personal bank account; (4) wrote checks to himself from Hamilton's bank account totaling $112,000; and (5) received and converted $2,400 that was received pursuant to an endorsement contract of Hamilton's.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint that fails "to state a claim upon which relief may be granted."  "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true."  Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996).  Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true[.]"  Allard, 991 F.2d at 1240.  To defeat a motion to dismiss, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Id. (quotation omitted).

## IV.    ANALYSIS

Nochimson argues that Hamilton's tort claims are barred because they are based solely on Nochimson's alleged breach of contract.  In Fultz v. Union-Commerce Assocs., 470 Mich. 460, 465 (2004), the Michigan Supreme Court indicated that there is a distinction between a defendant's misfeasance (action) and nonfeasance (inaction) because "a tort action will not lie when based solely on the nonperformance of a contractual duty."  Id. at 466.  The court defined a "tort action stemming from misfeasance of a contractual obligation as the 'violation of a legal duty separate and distinct from the contractual obligation.'"  Id. at 467 (quoting Rinaldo's Constr. Corp. v. Michigan Bell Tel. Co., 454 Mich. 65, 84 (1997)).  The court proceeded to state,

3

We believe that the "separate and distinct" definition of misfeasance offers better guidance in determining whether a negligence action based on a contract and brought by a third party to that contract may lie because it focuses on the threshold question of duty in a negligence claim. As there can be no breach of a nonexistent duty, the former misfeasance/nonfeasance inquiry in a negligence case is defective because it improperly focuses on whether a duty was breached instead of whether a duty exists at all.

Accordingly, the lower courts should analyze tort actions based on a contract and brought by a plaintiff who is not a party to that contract by using a "separate and distinct" mode of analysis. Specifically, the threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie.

Id. (emphasis added and footnote omitted).

There is some conflict regarding whether Fultz, which applied this "separate and distinct mode of analysis" to a case involving a tort claim by a third-party to the relevant contract, applies to cases between parties that are in privity of contract. Three unpublished cases, including one from the Michigan Supreme Court, have held that Fultz does not apply in such cases. See Garrett v. Sam H. Goodman Bldg. Co., 474 Mich. 948 (Table) (2005) ("The Court of Appeals erred in applying [Fultz] to [the defendant] because it and plaintiff were in contractual privity."); see also Fransisco v. Severance, 2009 WL 2448184 at *2 (Mich. Ct. App. Aug. 11, 2009) (citing Garrett with approval); Dart Oil & Gas Corp. v. Expro Americas, LLC, No. 07-742, 2007 WL 3463250 at *3 (W.D. Mich. 2007) (same). As noted in Lakeland Reg'l Health Sys. v. Walgreens Health Initiatives, Inc., 604 F.Supp.2d 983, 1000-02 (W.D. Mich. 2009), however, all of these cases are unpublished, and other cases subsequent to Garrett have held that Fultz's separate and distinct mode of analysis applies even when the parties are in privity of contract. See Engel Mgmt., Inc. Ford Motor Credit Co., No. 279868, 2009 WL

4

348828 at *5 (Mich. Ct. App. Feb. 12, 2009); Romulus v. Lanzo Constr. Co., No. 274666, 2008 WL 1829686 at *2 (Mich. Ct. App. Apr. 24, 2008); Churchill v. J.P. King Auction Co., No. 274461, 2008 WL 996441 at *2 (Mich. Ct. App. Apr. 10, 2008). Furthermore, applying Fultz's separate and distinct mode of analysis to cases involving parties that are in privity appears to be correct because Fultz quoted the "violation of a legal duty separate and distinct from the contractual obligation" language from Rinaldo's Constr. Corp., which was a case involving parties who were in privity. See Rinaldo's Constr. Corp., 454 Mich. at 83-88. Accordingly, Hamilton's allegations must show that Nochimson violated a legal duty separate and distinct from his contractual obligations in order for his tort claims to survive Nochimson's Motion to Dismiss.

After a review of the parties pleadings, the Court finds that Hamilton's claims against Nochimson are not separate and distinct from the duties imposed by the parties' agreement. The parties' agreement was for more than just the performance of particular specified actions by Nochimson; Hamilton gave Nochimson access to his financial accounts so that Nochimson could pay Hamilton's bills and living expenses. Implicit in Nochimson's agreement to use the accounts solely for certain authorized purposes was his agreement not to use the accounts for unauthorized purposes. Accordingly, Nochimson's alleged use of the accounts for such unauthorized purposes was a breach of the parties' contract and, thus, was not a violation of some other duty that was "separate and distinct" from the parties' contractual duties. As such, Hamilton may not bring tort claims based on the alleged misuse of his accounts. See Fultz, 470 Mich. at 467. Thus, his two claims for breach of fiduciary duty and conversion shall be dismissed.

5

Hamilton has requested leave to amend his complaint in the event that the Court dismisses his current claims, and the Court will grant Hamilton leave to amend his complaint to include any relevant contract-based claims. Nochimson has asked that these proceedings be stayed due to an ongoing criminal investigation relating to the conduct underlying Hamilton's claims. But, Nochimson has presented no evidence of an ongoing criminal investigation and, thus, the Court will not stay the case.

## V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: March 1, 2010

### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager
